IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GISELA VELEZ-RAMIREZ,<br><br>**Plaintiff**<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>**Defendants** | **CIVIL NO.** 12-1210 (JAG) |

**OPINION & ORDER**

GARCIA-GREGORY, D.J.

Before the Court is Correctional Health Services Corp.'s ("CHSC" or "Defendant") Motion for Summary Judgment. (Docket No. 14). For the reasons set forth, the Court **GRANTS** in part and **DENIES** in part Defendant's motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 26, 2012, Plaintiff Gisela Velez-Ramirez ("Velez" or "Plaintiff") filed a complaint against the Department of Corrections and Rehabilitation of the Commonwealth of Puerto Rico ("DCR"), the Correctional Health Services Corporation ("CHSC"), Jesus Gonzalez-Cruz, as secretary of CHSC, and the Commonwealth of Puerto Rico ("the Commonwealth"). (Docket No. 1). Plaintiff alleges violations to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and the Rehabilitation Act, 59 U.S.C. § 701 *et seq.*, as well as Puerto

Rico's Law No. 44 of July 2, 1985 ("Law 44"), Law No. 80 of May 30, 1976 ("Law 80") and Article 1802 of Puerto Rico's Civil Code. She claims she was denied a reasonable accommodation under ADA, and was later dismissed without just cause. On July 9, 2012, the CHSC moved for summary judgment, (docket no. 14); Plaintiff timely opposed the motion, (docket no. 19); a reply and surrreply were also filed, (docket nos. 33, 47).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 states, in pertinent part, that a court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); See also Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000).

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." See Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once a properly supported motion has been presented before the court, the opposing party has the burden of demonstrating

that a trial-worthy issue exists that would warrant the court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. See <u>Suarez v. Pueblo Int'l, Inc.</u>, 229 F.3d 49 (1st Cir. 2000).

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine". "Material" means that a contested fact has the potential to change the outcome of the suit under governing law. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence. See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). It is well settled that "[t]he mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment." <u>Id.</u> at 252. It is therefore necessary that "a party opposing summary judgment must present definite, competent evidence to rebut the motion." <u>Maldonado-Denis v. Castillo-Rodriguez</u>, 23 F.3d 576, 581 (1st Cir. 1994).

In making this assessment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." <u>Griggs-Ryan v. Smith</u>, 904 F.2d 112, 115 (1st

Cir. 1990). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

**ANALYSIS**

**Whether the Complaint fails to state a cause of action under ADA or the Rehabilitation Act**

Defendant argues that because Plaintiff fails to specify under which section of ADA and/or the Rehabilitation Act she is requesting a remedy, her claim should be dismissed. (See Docket No. 19, p. 12). The Court is not persuaded. As Plaintiff counters, the Complaint is clear in stating that she was denied reasonable accommodation and discriminated against throughout her employment. As such, Title I of the ADA and Section 504, which Defendant references throughout their motion for summary judgment, are the applicable sections under which Plaintiff seeks relief.

**Whether Plaintiff was an employee or an independent contractor**

At the crux of Defendant's motion for summary judgment is its contention that CHSC was never Plaintiff's employer, and that Plaintiff was not an employee, but rather an independent contractor. If this is true, then Plaintiff is unable to bring an ADA claim and dismissal is warranted.

We begin by assessing CHSC's position that Plaintiff is an independent contractor. Defendant claims that this is explicitly established in the fifth clause of the contract between DCR and Plaintiff, which states:

> Fifth Clause: Independent Contractor: Both parties freely and voluntarily agree that under the terms and conditions of this contract a relationship of employer-employee is not being established. The Second Party shall act and render her services at all times as independent contractor and agrees not to claim from the First Party for regular leave, sick leave, retirement, Christmas Bonus, continuous education, professional liability insurance and other.

(See Docket No. 16-1, p. 7). Thus, they argue that the contract speaks for itself. Plaintiff counters that the label given to the employment relationship is not determinative, as the substance and features of the relationship reveal its true nature. We agree with Plaintiff.

Although what the contract states is relevant, we find (and Defendant does not cite case law that establishes otherwise) that it is not dispositive of the issue. The Supreme Court has established the common law agency test for determining whether a hired party is an employee or independent contractor. The test is derived from the Restatement (second) of Agency § 220(2)(1958):

> In determining whether a hired party is an employee under the general common law of agency, we consider the hiring party's right to control the manner and means by which the product is accomplished. Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.... *No one of these factors is determinative.*

See Lerohl v. Friends of Minnesota Sinfonia, 332 F.3d 486, 489 (8th Cir. 2003)(our emphasis).

Plaintiff, Coordinator of Personal Development at DCR, alleges that the DCR and CHSC exerted substantial control over Plaintiff's work. (Docket No. 26-5, ¶7). *Inter alia*, Plaintiff asserts that she met with a personal development manager on a monthly basis, who gave her instructions on work that had to be done, id. ¶6; she was not allowed to do the work on her own time and with her own equipment, id. ¶8; she had to register her working hours through a punch clock, and was not paid for any time not registered, id. ¶9-10; and her salary received from DCR

and CHSC was her only source of income, id. ¶11. Further, a letter allegedly issued by the IRS states that Plaintiff, for tax purposes, was considered an employee rather than an independent contractor. (See Docket No. 19-2). While Defendant raises issues concerning Plaintiff's failure to attach an official IRS document and the authenticity of said letter, the same are unwarranted at this juncture; further, they have not presented evidence that proves otherwise.[1] Plaintiff has provided sufficient evidence for the Court to find that genuine issues of material fact preclude summary judgment on whether Plaintiff was an employee or an independent contractor.

**Whether CHSC was Plaintiff's employer**

The second issue centers on Plaintiff's employment relationship with CHSC. Defendant argues the same only existed between Plaintiff and DCR, the signatories of the employment contract. (See Docket No. 14-4). Defendant claims it is merely an administrator of the Correctional Health Program working under the guidance of the DCR. (See Docket No. 14, p. 16). Plaintiff, however, invokes the joint employer doctrine, alleging CHSC and DCR share control of their employees. (See Docket No. 19, p. 20)

---

[1] In fact, Defendant admits that the contents of the memorandum could establish the existence of an employee-employer relationship, although with DCR and not with CHSC. (See Docket No. 33, p. 2).

Under First Circuit precedent, two companies are joint employers if one of them, "while contracting in good faith with an otherwise independent company, has retained for itself sufficient control of the terms and conditions of employment of the employees who are employed by the other employer." <u>Torres-Negrón v. Merck & Co., Inc.</u>, 488 F. 3d 34, n.6 (1st Cir. 2007); <u>Holyoke Visiting Nurses Ass'n v. NLRB</u>, 11 F.3d 302, 306 (1st Cir. 1993) ("A joint employer relationship exists where two or more employers exert significant control over the same employees and share or co-determine those matters governing essential terms and conditions of employment."). In any case, the inquiry still centers on the amount of control that entity exerted over the purported employee. Finally, whether an employer possesses sufficient indicia of control to be an employer is essentially a factual issue. <u>Holyoke Visiting Nurses Ass'n v. N.L.R.B.</u>, 11 F.3d 302, 306 (1st Cir. 1993). That said, we turn to CHSC's relationship with DCR.

CHSC is a private, non-profit corporation organized and authorized to do business pursuant to the laws of Puerto Rico. Under the Comprehensive Management Agreement for the Provision of Health Care Services to the Correctional Population Under the Custody of the Administration of Corrections ("the Agreement"), CHSC assumed responsibility of managing the "Correctional Health Program", defined in the Agreement as "[a] subdivision of the

Commonwealth of Corrections in charge of providing medical and mental health care of the correctional population in the custody of DCR." (See Docket No. 14-3, p. 5). Defendant emphasizes Article 9.1 of the Agreement, under the Human Resources section, which states:

> Notwithstanding, the fact that the employees will work at DCR's medical facilities under the supervision and/or direction of CHSC, the Government Employees and Contractors will continue to be considered employees and contractors of DCR until such time the employer-employee or contractual relationship is terminated or modified for whatever reason.

(See Docket No. 14-3, p. 32) Once again, the Court understands that, while pertinent, this clause cannot be dispositive of the issue, and Defendant fails to establish otherwise.

Plaintiff, in support of her joint employer allegation, points to Article 9 of the Agreement, which provides the following: (1) CHSC has the right to put in place any managerial and/or supervisory structure to manage the government employees and contractors, which the DCR will rely on; (2) CHSC will exercise full supervisory authority over the government employees and contractors; and (3) CHSC has the right to request to DCR the relocation, transfer or termination of any Government or CHSC employee. (See Docket No. 14-3, pp. 32-33). Finally, the letter that Plaintiff received denying her the reasonable accommodations she had requested came from Lourdes M.

Echevarria, Human Resources Director of CHSC. (See Docket No. 19-5, p. 4) These facts indicate some level of control from CHSC over the DCR employees. We thus find the abovementioned factors sufficient to preclude summary judgment on whether CHSC was Plaintiff's employer.

**Rehabilitation Act claim**

Defendant requests dismissal of the Rehabilitation Act claim assuming that Plaintiff fails to establish an employer-employee relationship with CSCH and/or DCR. But because we have already found genuine issues of material fact precluding summary judgment on that controversy, defendant's request is denied on the same grounds.

CHSC also contends that because Plaintiff has failed to prove that CHSC receives federal funds, the claim under the Rehabilitation Act cannot stand. (See Docket no. 33, p. 4-5) CHSC places emphasis on Exhibit C, which states "All funds come from the Joint Resolution – General Fund", (see docket no. 26-4, p. 4). However, we do not find the contents of this document telling or weighty enough to grant summary judgment. The Court acknowledges it is difficult to prove a negative; nonetheless, Defendant, as the movant, has not shown that no genuine issue of material fact exists concerning the source of CHSC's funds. On the other hand, Plaintiff at least submits evidence that

corroborates DCR received federal funds during the 2011-2012 fiscal year. (See Docket No. 19-3, p. 3). Although such is not determinative, it does inject issues of fact, considering DCR and CHSC's relationship. Thus, Summary judgment is denied on this claim as well.

**Law 44 and negligent/intentional infliction of emotional distress claims**

CHSC moves for summary judgment of the Law 44 claim and the claim for negligent/intentional infliction of emotional distress in the event that Plaintiff fails to establish a cause of action under ADA. Nonetheless, as explained above, genuine issues of material fact remain; accordingly, summary judgment is denied on these claims as well.

**Law 80 and Article 1802 claims**

Defendant alleges, and Plaintiff concedes, that the Article 1802 claim is time barred. (See Docket No. 12, p. 11) As such, it shall be dismissed.

CHSC also contends that the Law 80 claims must be dismissed, since Plaintiff was hired for a fixed term. (See Docket No. 14, p. 20). Nonetheless, as Plaintiff observe, Law 80 is applicable if the employee has an expectation of continuity. 29 L.P.R.A. § 185a. The Court has already found genuine issues

of material fact concerning whether Plaintiff was an independent contractor or an employee. Furthermore, Plaintiff, who has been working for DCR since 2003, (see docket no. 26-5, p. 1), alleges she had an expectation of continuity. (See Docket No. 19, p. 31). Thus, we find that genuine issues of material fact preclude summary judgment on this matter.

## CONCLUSION

In light of the foregoing, the Court hereby **GRANTS** in part and **DENIES** in part CHSC's motion for summary judgment. (Docket No. 14). The Article 1802 claim shall be dismissed.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of March, 2013.

                                    S/ Jay A. Garcia-Gregory
                                    JAY A. GARCIA-GREGORY
                                    United States District Judge